# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00124-MR

| | |
|---|---|
| WOLFE FA, LLC, a North Carolina, Limited Liability Company, M14 PARTS AND ARMORY, LLC, a North Carolina Limited Liability Company, and WOLFE PRECISION MANUFACTURING, LLC, a North Carolina Limited Liability Company, <br><br> Plaintiffs, <br><br> vs. <br><br> BULA DEFENSE SYSTEMS, INC., LLC, an Ohio Limited Liability Company, d/b/a BULA INC., BULA DEFENSE SYSTEMS, and BULA DEFENSE SYSTEMS, INC.; BDSI, Inc., an Ohio Corporation d/b/a BULA, INC., BULA DEFENSE SYSTEMS, and BULA DEFENSE SYSTEMS, INC.; BULA DEFENSE SYSTEMS, INC.; BULA FORGE & MACHINE, INC., an Ohio Corporation d/b/a BULA, INC., BULA DEFENSE SYSTEMS, and BULA DEFENSE SYSTEMS, INC., and; N. JEFF MILLER, d/b/a BDS, INC., and d/b/a BULA DEFENSE SYSTEMS, <br><br> Defendants. | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiffs' Motion to Remand. [Doc. 9]. The Defendants oppose the Plaintiffs' Motion. [Doc. 14].

I.  **BACKGROUND**

On August 15, 2018, Wolfe F.A., LLC; M14 Parts and Armory, LLC; and Wolfe Precision Manufacturing, LLC (collectively "Plaintiffs"), filed this action in the Superior Court for Polk County against Bula Defense Systems, Inc., LLC; BDSI, Inc.; Bula Defense Systems, Inc.; Bula Forge & Machine, Inc.; and N. Jeff Miller (collectively "Defendants"). [Doc. 1 at 8]. The Plaintiffs' Complaint requests monetary damages in excess of $25,000, punitive damages in excess of $25,000, and a declaratory judgment against the Defendants. [See id.].

On April 12, 2019, the Defendants filed a Notice of Removal based on federal diversity jurisdiction under 28 U.S.C. § 1332(a). [Id.]. According to the Defendants, federal diversity jurisdiction exists here because "complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs." [Id. at ¶ 3].

On May 12, 2019, the Plaintiffs filed a Motion to Remand arguing several grounds for remanding the case. [Doc. 9]. First, the Plaintiffs argue that the Defendants did not comply with 28 U.S.C. § 1446(b) because they failed to file their Notice of Removal within thirty days after service of the

Complaint. [Id. at ¶ 3].[1]  Second, they argue that the Defendants failed to satisfy their burden of "proving the $75,000 amount in controversy requirement for diversity jurisdiction." [Id.].  Finally, the Plaintiffs claim that the Defendants waived any right of removal by demonstrating a "'clear and unequivocal intent' to remain in state court." [Id. at ¶ 4].

On May 28, 2019, the Defendants filed their Brief in Opposition to the Plaintiffs' Motion to Remand.  [Doc. 14].  The Defendants argue that their Notice of Removal was timely filed, [Id. at 1], the amount in controversy exceeds $75,000, [Id. at 2], and they have not waived their right to removal because they never stated a "clear and unequivocal intent to remain in state court." [Id. at 3].  To support their claim that the amount in controversy exceeds $75,000, the Defendants note that the Plaintiffs' Complaint claimed monetary damages in excess of $25,000 for alleged breach of contract and punitive damages in excess of $25,000 for alleged misrepresentation and fraud, and that the "referenced agreement, and the actions the Plaintiffs seek to order the Defendants to perform, are "valued at several million dollars." [Id. at 2].  Notably, the contract referenced by the parties is not contained in the record.

---

[1] The Plaintiffs' Motion to Remand gives a history of the service in this case, but the only relevant date for the purposes of this ruling was that the Plaintiffs served the last defendant on March 26, 2019.

On June 4, 2019, the Plaintiffs filed their Reply to the Defendants' Brief in Opposition. [See Doc. 15]. The Plaintiffs argue that the Defendants failed to show that the amount in controversy is satisfied here and that the Defendants waived their right to removal. [See id.].

## II. STANDARD OF REVIEW

Federal courts have original jurisdiction over civil actions between citizens of different states if the amount in controversy exceeds $75,000 and complete diversity exists between the parties. See 28 U.S.C. § 1332(a). A defendant may remove a civil action from a state court if the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

Federal courts are "obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)). As such, courts must "resolve all doubts in favor of remand." Strawn v. AT&T Mobility, LLC, 530 F.3d 293, 297 (4th Cir. 2008). "If federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d at 151.

Having been fully briefed, this matter is ripe for disposition.

## III. DISCUSSION

### A. Timeliness of Removal

Generally, a defendant cannot remove a case if more than thirty days have passed since the defendant was served with the complaint or more than one year has passed since the complaint was filed. See 28 U.S.C. § 1446. In cases with multiple defendants, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

The Plaintiffs admit that the last defendant was served on March 26, 2019. [Doc. 10 at 5]. Therefore, the Defendants had thirty days from March 26, 2019 to file their Notice of Removal. 28 U.S.C. § 1446(b)(2)(B). The Defendants filed their Notice of Removal on April 12, 2019, which was within the thirty-day period for removal. [Doc. 1]. The other Defendants properly joined the removal. 28 U.S.C. § 1446(b)(2)(C). As such, the Defendants timely removed this case.

### B. Amount in Controversy

"[T]he liberal rules of pleading apply to removal allegations." Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 195 (4th Cir. 2017) (citing Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014)). As such, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee, 135 S. Ct. at 554. The defendant, however, still "bears the burden of demonstrating that removal jurisdiction is proper." Scott, 865 F.3d at 194 (emphasis omitted) (quoting Strawn v. AT&T Mobility LLC, 530 F.3d 293, 297 (4th Cir. 2008)).

"Generally, the amount specified in the complaint will determine whether the jurisdictional amount is satisfied for purposes of removal." Bartnikowski v. NVR, Inc., 307 F. App'x 730, 734 (4th Cir. 2009) (unpublished). In North Carolina, however, a plaintiff must plead for judgment in excess of a certain dollar amount "making it difficult to determine the exact amount in controversy" from the initial pleading. Lee Elec. Constr., Inc. v. Eagle Elec., LLC, No. 1:03-cv-00065, 2003 WL 21369256, at *2 (June 10, 2003). "When a plaintiff's complaint leaves the amount of damages unspecified, the defendant must provide evidence to 'show . . . what the stakes of litigation . . . are given the plaintiff's actual demands.'" Scott, 865

F.3d at 194 (citing Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 449 (7th Cir. 2005) (emphasis omitted)).  That is the case here, where the Complaint simply states that the amount in controversy "is in excess of $25,000." [Doc. 1 at 12, 16].

Like requests for damages, "requests for injunctive relief must be valued in determining whether the plaintiff has alleged a sufficient amount in controversy."  JTH Tax, Inc. v. Frashier, 624 F.3d 635, 639 (4th Cir. 2010). The Supreme Court has held that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the *value of the object of the litigation*."  Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977) (emphasis added).

Here, the Defendants allege that the amount in controversy is met because the Plaintiffs seek monetary damages in excess of $25,000, punitive damages in excess of $25,000, and declaratory relief "valued at several million dollars."  [Doc. 14 at 2].  The only evidence supporting the Defendants' assessment of the amount in controversy are the limited factual allegations contained in the Plaintiffs' Complaint and the Defendants' bare claim that the requested declaratory relief is "valued at several million dollars."  [Id.].

7

The Defendants' conclusory allegations fail to meet their burden. Regarding damages, the Defendants provide no evidence or information to support their assertion that the monetary damages and/or punitive damages would be over $75,000. [Doc. 1 at ¶ 4]. That fails to meet the Defendants' burden to "provide evidence to 'show . . . what the stakes of litigation . . . are given the plaintiff's actual demands.'" Scott, 865 F.3d at 194 (citing Brill, 427 F.3d at 449 (emphasis omitted)). Moreover, the Defendants failed to provide a calculation, explanation, or even evidence to support their assessment that the Plaintiffs' declaratory relief is valued at several million dollars. [Doc. 14 at ¶ 2]. That lack of evidence makes the Court unable to assess the "value of the object of the litigation," to determine the amount in controversy as is required when declaratory relief is sought. Hunt, 432 U.S. at 347. The Court cannot engage in "conjecture, speculation, or judicial star gazing to determine jurisdiction," regarding Plaintiffs' claims for declaratory relief. Kamau v. Slate, No. 4:11cv522-RH/CAS, 2013 WL 1883257, at *3 (N.D. Fla. Apr. 4, 2013). Doing so would not "resolve all doubts in favor of remand." Strawn, 530 F.3d at 297.

The Defendants failed to carry their burden to state a plausible allegation that the requisite amount in controversy exists for the exercise of federal diversity jurisdiction.[2] Accordingly, remand is warranted.[3]

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Motion for Remand [Doc. 9] is **GRANTED**, and this case is hereby **REMANDED** to the Superior Court for Polk County, North Carolina for further proceedings. The Clerk of Court is respectfully directed to provide a certified copy of this Order to the Polk County Superior Court Clerk.

**IT IS SO ORDERED.**

Signed: August 12, 2019

Martin Reidinger
United States District Judge

---

[2] This Court issued an Order on April 23, 2019 to assess whether complete diversity exists between the parties in this matter. [Doc. 6]. The Order directed the Defendants to identify each party that the Defendants contend is a limited liability company and to disclose the citizenship of all constituent members of each limited liability. [Id.]. The Defendants failed to file a sufficient response to that Order to enable this Court to assess whether the parties are completely diverse. The Defendants failure to do so constitutes an alternative basis for remand. See 28 U.S.C. § 1447(c) (("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

[3] Because the case is being remanded, the Court will not address whether the Defendants waived their right to seek removal.